{¶ 100} I concur in the judgment of the court today but write separately to emphasize the significance of the error found in Appellant's first assignment of error.
 {¶ 101} The majority opinion finds that the line of leading questions utilized by the State during the direct examination of Detective Prochazka was prejudicial error which affected the outcome of the trial. The majority holds that the prejudice was due to Prochazka's testimony that Appellant "hypothetically" could have admitted during cell phone conversations with Murton that he committed the offense. I also find that the line of questioning was improper bolstering of Murton's testimony.
 {¶ 102} Bolstering occurs when the prosecutor implies that the witness's testimony is corroborated by evidence known to the government but not known to the jury. A prosecutor may ask a police officer whether he was able to corroborate what he learned in the course of a criminal investigation. However, if the prosecutor pursues this line of questioning, he must also draw out testimony explaining how the information was corroborated and where it originated. The State offers no basis for the detective's knowledge regarding the content of appellant's phone conversations with Murton.
 {¶ 103} In the case sub judice, the prosecutor's leading questions had the effect of corroborating Murton's testimony. Murton's credibility was essentially confirmed by Prochazka verifying that during a phone conversation appellant admitted to committing the burglary. In fact, Murton testified that appellant simply stated, "I did it." The leading questions by the prosecutor expanded on the alleged conversation and added, "I did it, I found a bunch of foreign money."
 {¶ 104} The thrust of the State's case against appellant was the admissions made by appellant to Murton. This makes Murton's credibility critical to the outcome of the case. Here, the prosecutor effectively bolsters Murton's testimony by having a very credible detective confirm its accuracy by utilizing improper leading questions. I agree with the majority that this had a prejudicial effect on the outcome of the trial and find that the approach by the State resulted in an unfair trial.